**OHIO SAVINGS BANK & TRUST CO v MYERS et**

Ohio Appeals, 6th Dist, Lucas Co

No 2575. Decided Dec 14, 1931

Messrs. Tracy, Chapman & Welles, Toledo, Frank I. Isbell, Toledo, and M. E. H. Dommann, Toledo, for plaintiff.

Messrs. Christensen & Christensen, Toledo, for defendants.

WILLIAMS, J.

At the time the latter case was decided, §§5227, 5228 and 6408 of the Revised Statutes, (now §§12226, 12227 and 11209 GC respectively) were in force. The Supreme Court held in that case that §6408, R. S. did not apply to appeals from the Court of Common Pleas to the Circuit Court and that where the appeal was by a party in a trust capacity, who had given bond in this state with sureties according to law, he was neither required to give bond nor notice of appeal. There is an interesting discussion of this matter in 2 **Ohio Jurisprudence, page 288, §258.**

In the case of Curry v Manfull, supra, the Supreme Court held that a party acting in a fiduciary capacity who has given bond in Ohio for the faithful discharge of his duty and who desires to appeal a case from the Court of Common Pleas to the Court of Appeals, must give to the court written notice of intention to appeal within the time limited for giving bond, and thereupon appeal is allowed without bond. No reference was made to the case of McClure v Fergus, supra, and counsel for appellant contend that it is not applicable to the case at bar and that what was said is obiter dictum. We are unable to construe the decision of the Supreme Court in this manner. McClure v Fergus is overruled by Curry v Manfull by implication, though not expressly. It is unfortunate that the Supreme Court did not expressly overrule the earlier decision by direct reference thereto.

As in the instant case no bond was filed nor written notice of intention to appeal given, the motion to dismiss the appeal will be sustained.

Appeal dismissed.

LLOYD and RICHARDS, JJ, concur.